UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RYAN, | ) | **FILED: JULY 31, 2008** |
| | ) | **08CV4357** |
| Plaintiff, | ) No. | **JUDGE MANNING** |
| | ) | **MAGISTRATE JUDGE COLE** |
| vs. | ) Judge **AEE** | |
| | ) Magistrate Judge | |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| DAVID GARZA, Star 14970, | ) Jury Demand | |
| PAUL HABIAK, Star 14939, | ) | |
| JENNIFER BRYK, Star 6262, | ) | |
| MILAN VLCANSKY, Star 16518, | ) | |
| STEVEN ROWLING, Star 993, | ) | |
| SERGIO MARTINEZ, Star 19512, and | ) | |
| ERIN QUIN-MUNOZ, Star 10105, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Facts

8. On or about August 29, 2006, in the evening, Plaintiff and his fiancée, Nicole Porter, returned home by bus from their church, where Plaintiff works as a janitor.

9. Ms. Porter wanted water and juice to treat her allergies.

10. Plaintiff rode his bicycle to a Citgo at 116th and Michigan and bought her water and juice. Plaintiff then rode home.

11. As Plaintiff was riding home, Defendant-Officers, told Plaintiff: "Come here."

12. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

13. Plaintiff dropped his bicycle and ran toward his home.

14. As Plaintiff got to his house, Defendant-Officers grabbed Plaintiff and threw him to the floor of the porch.

15. A Defendant-Officer stomped and kicked Plaintiff's head.

16. Plaintiff heard Defendant-Officers yell and swear at him a lot, and Plaintiff blacked out during some parts of the beating.

17. Ms. Porter heard swearing and yelling outside her house, and she thought that gang members were fighting. Ms. Porter told her sister to call the police.

18. Ms. Porter opened the door of their house and saw the police beating Plaintiff on their porch. Defendant-Officers pointed guns at Ms. Porter. Ms. Porter was afraid.

19. A Defendant-Officer pointed a gun at Ms. Porter's toy poodle, yelling for her to "get the bitch before I shoot her." Ms. Porter picked up her toy poodle.

20. Ms. Porter's four nieces and a nephew came out, saw what Defendant-Officers were doing to Plaintiff, and became afraid.

21. Ms. Porter asked Defendant-Officers to stop swearing and using foul language, because her young nieces and nephew were present. Defendant-Officers refused, telling Ms. Porter that "yeah, well it's kind of fucked up; this motherfucker is trying to resist arrest."

22. Ms. Porter told them that Plaintiff was not doing anything, that he was just lying there on the ground, and that he wasn't even moving. Ms. Porter asked how that could possibly be interpreted as resistance of arrest.

23. Plaintiff was sitting, propped against the porch. Defendant-Officers continued to swear and yell at Plaintiff, stating: "What the fuck are you doing, you stupid motherfucker?"

24. Defendant-Officer handcuffed Plaintiff.

25. Defendant-Officers intentionally put the handcuffs on Plaintiff excessively tight which caused Plaintiff extreme pain and suffering.

26. Defendant-Officers told Plaintiff to get up and began to pull him up by the handcuffs and Plaintiff's arms. Plaintiff stood up twice, but immediately fell to the ground.

27. Plaintiff asked Defendant-Officers to hold on and wait, asking why the Defendant-Officers were doing this to him. Plaintiff asked Defendant-Officers what the problem was and told Defendant-Officers that he did not do anything wrong.

28. Defendant-Officers finally stopped abusing Plaintiff.

29. Defendant-Officers were pointing a gun at Plaintiff.

30. Plaintiff stood up with a little assistance from a Defendant-Officer.

31. Defendant-Officers searched Plaintiff and found a gun.

32. Plaintiff told Defendant-Officers that he needed the gun for protection and that he had been robbed before, which Plaintiff had reported to the police.

33. Several neighbors witnessed the beating.

34. Defendant-Officer entered Plaintiff's house and began searching. Ms. Porter told the Defendant-Officer that she knew her rights and that the Defendant-Officers had no right to search the house.

35. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's home.

36. At that point, Defendant-Officer stopped and told Ms. Porter that they were just going to arrest Plaintiff and leave.

37. Plaintiff sought treatment at Stroger Hospital and Roseland Hospital for injuries from the beating Plaintiff received from Defendant-Officers, including injuries to Plaintiff's head, cervical strain, headache, swelling of his face, and a left wrist/forearm injury. Plaintiff complained throbbing of his head, sharp pain in his neck that radiates down his right arm. Plaintiff got a CT of his head at Stroger Hospital.

38. Plaintiff pled guilty to a misdemeanor unlawful use of a weapon. The case was docketed in the Cook County Circuit Court as: People v. Ryan, 06 CR 2116201. Plaintiff received twelve months probation.

39. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

40. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

41. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

42. Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

43. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

44. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

45. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

46. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

47. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

48. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Illegal Search of Home)

49. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

50. Defendant-Officers searched Plaintiff's home.

51. Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

52. Searching Plaintiff's home without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

53.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

54.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595